**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TOMI TRANCHITA, | CASE NO. 1:20-cv-5956 |
| Plaintiff, | JUDGE SARA L. ELLIS |
| v. | MAGISTRATE: JEFFREY COLE |
| KWAME RAOUL, et al. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Defendants. | |

Plaintiff Tomi Tranchita seeks to invalidate Defendants' policy requiring her to hold a Hound Running Area permit in order to possess a coyote in Illinois. This policy violates the Equal Protection and Due Process clauses of the Fourteenth Amendment, the Free Exercise clause of the First Amendment, and is preempted by the Animal Welfare Act (7 U.S. Code § 2131, et. seq.). Tranchita moves for a TRO and preliminary injunction barring Defendants from enforcing this unconstitutional policy. Tranchita currently holds a 2020-2021 Fur-bearing Mammal Breeder permit.[1] Tranchita's federal attorneys' have made three attempts to resolve this case prior to filing the Complaint and this TRO Motion, however, no response has been received from the Defendants.[2]

**I.    Relevant Statutes and Laws**

In *Tranchita v. Dep't of Nat. Res.*, the state appeal court held "under Illinois law, a person must have a fur-bearing mammal breeder permit before possessing or raising a coyote."

---

[1] TRO Ex A – Tranchita's 2020-2021 Fur-bearing Mammal Breeder permit.
[2] TRO Ex. B – June 22, 2020 Email from Attorney Michela Huth to Defendant Callahan; TRO Ex. C – September 14, 2020 Email from Attorney Michela Huth to Defendant Callahan; Ex. D – October 9, 2020 Email from Attorney Richard Rosenthal to Defendants.

T*ranchita v. Department of Natural Resources*, 2020 IL App (1st) 191251, ¶ 16 (May 1, 2020).

According to the Fur-bearing Mammal Breeder statute, part of the Illinois Wildlife Code,

> Before any individual shall hold, possess, or engage in the breeding or raising of live fur-bearing mammals, he shall first procure a furbearing mammal breeder permit. Fur-bearing mammal breeder permits shall be issued by the Department. The annual fee for each fur-bearing mammal breeder permit shall be $25. All fur-bearing mammal breeder permits shall expire on March 31 of each year.

520 ILCS 5/3.25. The last paragraph of the Fur-bearing Mammal Breeder permit Statute states,

> No fur-bearing mammal breeder permits will be issued to hold, possess, or engage in the breeding and raising of striped skunks acquired after July 1, 1975, or coyotes acquired after July 1, 1978, except for coyotes that are held or possessed by a person who holds a hound running Area permit under Section 3.26 of this Act.

520 ILCS 5/3.25. The Hound Running Area statute provides in relevant part,

> (a) Any person owning, holding, or controlling by lease, for a term of at least 5 years, any contiguous tract of land having an area prescribed by administrative rule *who desires* to establish a hound running area to pursue authorized species with hounds in a way that is not designed to capture or kill the authorized species, shall apply to the Department for a hound running Area permit under this Section. The application shall be made under oath of the applicant or under oath of one of the applicant's principal officers if the applicant is an association, club, or corporation. each hound running Area permit is $250. All hound running Area permits expire on March 31 of each year. Every applicant under this Section must also hold a fur-bearing mammal breeder permit or a Class B commercial game breeder permit, as appropriate.

520 ILCS 5/3.26(a) (emphasis added).

## II.     MATERIAL FACTS

### A.  Luna the Sole Survivor is elderly and ailing

In 2006 Tomi Tranchita, a wildlife educator in suburban Chicago, began caring for orphaned coyote pups, and exhibited them to the public under her USDA Class C Exhibitor

License.[3] Tragically on April 24, 2019 the rewarding life she shared with her four coyotes ended when her new neighbor, Defendant Conservation Police Sergeant Joshua Mooi, orchestrated a raid and brutally seized her four coyotes. Three died because of this seizure, and Luna is the sole survivor. For the past 17 months, Tranchita and Luna have been kept apart. The once carefree Luna has, for the past 12 months, lived 145 miles away from Tranchita, at the Indiana Coyote Rescue Center ("ICRC"). Luna is almost 15 years of age, which is well beyond the normal lifespan of a coyote (thanks to the care Tranchita gave her for 13 years). However, Luna is ailing, in large part due to the trauma she endured during and after the brutal seizure. Her health and well-being continue to deteriorate at ICRC, due to activities that trigger her trauma, such as construction, shooting practice of a neighbor, fear of all humans, and an unfamiliar environment. The situation is dire, Luna paces and hides in fear, and has lost almost half her weight recently. ICRC will not release Luna until this Court declares that Tranchita may legally possess Luna in Illinois. Declarations and statements by persons who observed Luna in Indiana, are attached hereto.[4]

### B. In 2019 Defendants enact a new policy requiring Tranchita to hold a Hound Running Area permit

A month before the April 24, 2019 raid and seizure, Defendant Mooi obtained a search warrant for failure to hold a Fur-bearing Mammal Breeder permit (520 ILCS 5/3.25).[5] Not one

---

[3] TRO Ex. E – Tranchita Declaration.
[4] TRO Ex. E – Tranchita Declaration; TRO Ex F – Steve Dale letter; TRO Ex. G – Kross Declaration; TRO Ex. H – Streett Declaration; TRO Exs. I & J – Indiana Coyote Rescue Center letters.
[5] TRO Ex. K - April 23, 2019 Search Warrant Affidavit; see also Complaint, Doc. #1, PageID #8, para. 24. There were other violations alleged in the affidavit and search warrant, but none related to hound running.

mention was made in the Affidavit or Search Warrant[6] about hound running or the Hound Running Area permit. Mooi, on the day of the raid, charged her with a failure to hold a Hound Running Area permit.[7] Two months after the seizure of Tranchita's coyotes, the State amended the Hound Running Area permit violation (520 ILCS 5/3.26) to Fur-bearing Mammal Breeder permit violation (520 ILCS 5/3.25); which is what Tranchita plead guilty to.[8]

Illinois Department of Natural Resources made the following statements in Tranchita's state civil litigation, (1) "Illinois law clearly states that coyotes are considered contraband unless the individual has both a fur-bearing mammal breeder permit and a hound running Area permit under Section 3.26 of the Act[;]"[9] (2) "Illinois law prohibits individuals from possessing coyotes, a fact which Plaintiff should be aware considering she is set to appear in Cook County criminal court on May 20, 2019 on charges related to her illegal possession of coyotes * * *[;]"[10] and (3) "The plain language of the Wildlife Code provides, the fur-bearing mammal permit does not allow for the possession of coyotes. The only exception to this bar is if an individual possesses a hound-area running permit."[11]

---

[6] TRO Ex. K, p. 3.
[7] TRO Ex. L at 2 - Hound Running Area permit ticket; see also all tickets at TRO Ex. L; see also Complaint, PageID #12, para. 40.
[8] TRO Ex. M - Sept 17, 2019 Transcript in *People of the State of Illinois v. Tranchita*, In the Circuit Court of Cook County, Illinois, Municipal Department – First Municipal District, Case No. CT587311313: Tr. 14-24; 21: 5-20.
[9] TRO Ex. N, at 8-9 - Tranchita v. IDNR, et al., Case No. 2019 CH 05968, In the Circuit Court of Cook County, Illinois, Defendant Illinois Dept. of Natural Resources' Response to Plaintiff's Emergency Motion for a Temporary Restraining Order/Preliminary Injunction, p. 8-9; see also TRO Ex. O, at 8 - Tranchita v. IDNR, et al., Case No. 2019 CH 05968, In the Circuit Court of Cook County, Illinois, Defendant Illinois Department of Natural Resources Combined Motion to Dismiss Pursuant to 735 ILCS 5/2-619.1.
[10] Ex. N, at 2.
[11] TRO Ex. P, at 4 - *Tranchita v. IDNR, et al.*, Case No. 2019 CH 05968, In the Circuit Court of Cook County, Illinois, , Defendant Illinois Department of Natural Resources' Reply in Support of its Motion to Strike and Dismiss Plaintiff's Requests for Injunctive (sic) Relief Pursuant to 735 ILCS 5/1-619(a)(9).

Defendant Illinois Attorney General Kwame Raoul made the following statements in his Appeal Brief and in an email to Tranchita's state attorney, (1) "[F]ur-bearing mammal breeder permits for coyotes are allowed only for "persons who hold[ ] a hound running Area permit."[12] (2) "As you have been informed repeatedly, under the Wildlife Code, an individual must possess both a fur-bearing mammal breeder permit and a hound running area permit to possess a coyote in Illinois. As a result, even if Ms. Tranchita now has a furbearing mammal breeder permit, she still cannot legally possess a coyote under the Wildlife Code[;]"[13] (3) "In addition to the fur-bearing mammal breeder permit, a person who wishes to keep coyotes also must have a hound running Area permit[;]"[14] and (4) "The only way to lawfully keep coyotes in Illinois is to have both a fur-bearing mammal breeder permit and a hound running area permit."[15]

Defendants allowed Tranchita to possess coyotes from 2011 to 2019 without a Hound Running Area permit.[16] In fact in 2011, IDNR Conservation Officers came to her property for an inspection and informed her that the Fur-bearing Mammal Breeder permit was the only permit she was required to hold in order to possess coyotes.[17] Defendants allow others to possess coyotes without holding a Hound Running Area permit.[18] Tranchita currently possesses a 2020-2021 Hound Running Area permit.[19] However, although IDNR issued this permit, she fears this

---

[12] TRO Ex. Q, at 5 - *Tranchita v. IDNR, et al.*, Case No. 1-19-1251, Brief of Defendant-Appellee Illinois Department of Natural Resources, Appellate Court of Illinois, First Judicial District.
[13] TRO Ex. R - December 26, 2019 Email from Brian Jant, Assistant Attorney General of Illinois to Tranchita's state attorney, David Tennenbaum. (emphasis in original).
[14] TRO Ex. Q, at 8.
[15] Id at 12.
[16] TRO Ex. S – IDNR Permit List for Tranchita.
[17] TRO Ex. E.
[18] Complaint, Doc #1, Page ID#s 20-29; TRO Ex. E – Tranchita Declaration.
[19] TRO Ex. T – 2020-2021 Hound Running Area permit.

permit will be revoked. IDNR revoked[20] the 2019-2020 Hound Running permit,[21] which it had issued to Tranchita soon after the April 24, 2019 seizure.

## III. ARGUMENT

### A. Preliminary Injunction Standard

To obtain a preliminary injunction, the movant must establish that: (1) it is likely to succeed on the merits of the claim; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities favors the movant; and (4) an injunction would serve the public interest. *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008).

### B. Tranchita is highly likely to succeed on the merits of her causes of action

#### 1. Count I - Equal Protection Clause of the Fourteenth Amendment

Count I of Tranchita's Complaint alleges Defendants are violating her Fourteenth Amendment rights under the Equal Protection clause by intentionally treating her differently than others similarly situated. Despite Defendants' awareness of others possession of coyotes without holding a Hound Running Area permit,[22] to date Tranchita is the **only** person who has been subject to enforcement.

The Seventh Circuit has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from

---

[20] TRO Ex. U – Hound Running Area revocation letter; TRO Ex. V – Denial of Hound Running Area permit.
[21] TRO Ex. W – 2019-2020 Hound Running Area permit.
[22] TRO Ex. X, at 4 – IDNR's Response to Motion for Judicial Notice. During the state litigation, when Tranchita informed Defendants that others in the State of Illinois possess coyotes without holding the Hound Running Area permit, Illinois Department of Natural Resources response was, "Tranchita appears to have discovered that unaffiliated third parties that possess coyotes also lack proper permits to do so, which does not excuse her violation and is at most helpful to the Department in its enforcement of the Wildlife Code against others."

others similarly situated and that there is no rational basis for the difference in treatment." *Word v. City of Chi.*, No. 19-1320, *7 (7th Cir. Jan. 6, 2020). Tranchita and the persons and entities listed below are similarly situated in that all have an undeniable possessory interest and property right in the coyotes under their care. These following persons and entities either currently possess coyotes, or have possessed coyotes in Illinois, (1) Flint Creek Wildlife Rehabilitation ( (2) Dawn Keller; (3) Forest Preserve District of Dupage County, dba Willowbrook Wildlife Center; (4) Big Run Wolf Ranch; (5) John Basile; (6) Wheaton Park District dba Cosley Zoo; (7) Fox Valley Wildlife Center; (8) Treehouse Wildlife Center; (8) Hoo Haven Wildlife and Education Center; and (9) Karen M. Herdklotz.[23] Defendants have allowed these persons and entities to possess coyotes without holding a Hound Running Area permit.[24] This is prima facie evidence that Defendants' policy targets only Tranchita. There is no rational basis for Defendants requiring only Tranchita to hold a Hound Running Area permit, as she possessed coyotes without this permit from 2011 to 2019, and no other person or entity who possesses coyotes is required to hold this Hound Running Area permit. Moreover, there is no rational basis for Defendants to require anyone to hold a Hound Running Area permit, unless those persons desire to run hounds after coyotes, which Tranchita clearly does not desire.

2. **Count II – Obstacle Preemption**

Defendants' requirement that Tranchita hold a Hound Running Area permit is preempted by the Animal Welfare Act, 7 U.S.C. § 2131 – 2159. "[P]reemption may occur when the state law at issue conflicts with federal law, either (i) because it is impossible to comply with both, or

---

[23] Complaint, Doc. #1, PageID #s 20-28; see also TRO Ex. E - Tranchita Declaration.
[24] TRO Ex. Y – Public Record Response from IDNR. It is also notable that those persons and entities also do not hold a Fur-bearing Mammal Breeder permit.

7

(ii) because the state law stands as an obstacle to the accomplishment and execution of congressional objectives." *Hughes v. Talen Energy Mktg.*, LLC, 136 S. Ct. 1288, 1297 (2016). "'States and local governments may create and enforce their own laws and regulations to protect animals, which may ***exceed*** the AWA standards.'" *Mo. Pet Breeders Ass'n v. Cnty. of Cook*, 106 F. Supp. 3d 908, 918 (N.D. Ill. 2015) (quoting APHIS Fact Sheet (Feb.2014).[25] (emphasis added). "[T]he purpose of the Animal Welfare Act is to foster humane treatment and care of animals and to protect the owners of animals from the theft of their animals." *DeHart v. Town of Austin*, 39 F.3d 718, 721 (7th Cir. 1994) (citing 7 U.S.C. § 2131); see also 7 U.S.C. § 2131. "[T]he AWA is 'sharply focused on the 'humane treatment' of captive animals used for exhibition and research[.]'" *People for the Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Md., Inc.*, Civil Action No. MJG-17-2148, *11 (D. Md. Jan. 16, 2018) (quoting *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, 189 F. Supp. 3d 1327, 1352 (S.D. Fla. 2016)). The AWA prohibits staged dogfights, bear or raccoon baiting, cockfighting, and similar animal fighting ventures.[26] The AWA does not prohibit Illinois "from promulgating standards in addition to those standards promulgated by the Secretary." 7 U.S.C. § 2143(a)(8).

Every year, from 2006 to present, the USDA has issued Tranchita a Class C Exhibitor License pursuant to the Animal Welfare Act (7 U.S.C. 2121, et seq.).[27] Defendants' requirement that Tranchita must hold a Hound Running Area permit conflicts with the AWA primarily

---

[25] *available at* www.aphis.usda.gov/publications/animal_welfare/content/printable_version/faq_animal_dealers.pdf).
[26] TRO Ex. Z, at 10 – USDA Class C Exhibitor License application.
[27] TRO Ex. E – Tranchita Declaration; see also TRO Exs. AA & BB - Tranchita's 2019-2020 and 2020-2021 USDA Class C Exhibitor Licenses. Tranchita cannot attach as exhibits her prior USDA licenses, because all her records pertaining to her coyotes were seized by Defendant Mooi on April 24, 2019.

8

because animal fighting is a violation of the AWA, and Tranchita's USDA License would be revoked and she could be charged with animal cruelty if she engages in hound running. The Humane Society of the United States calls hound running "gratuitous animal cruelty[.]"[28] Also, many say it is worse than dogfighting,[29] which is against federal law. According to the Animal Welfare Institute,

> [i]n penning operations, coyotes and foxes are trapped in the wild—often in leghold traps—and subsequently released into fenced enclosures, to be chased and often mauled to death by domestic hunting dogs during field trials.[30]  * * *
>
> 'Penning' is the brutal practice of placing live foxes and coyotes in an enclosed pen as bait for hunting dogs. Predictably, this blood sport frequently ends violently for the prey animals, who are often cornered, maimed, and killed by the packs of dogs that are set upon them. Despite its inherent cruelty, penning is legal in several states across the country. Growing public awareness of what happens within these pens, however, is encouraging more and more governments to ban or restrict penning.[31]

---

[28] Washington Post, December 17, 2015, Inside the controversial culture of using dogs to hunt coyotes
https://www.google.com/url?q=https%3A%2F%2Fwww.washingtonpost.com%2Fnews%2Finsight%2Fwp%2F2015%2F12%2F17%2Fthe-beauty-and-controversy-of-hunting-coyotes-with-hounds%2F%3FoutputType%3Damp&sa=D&sntz=1&usg=AFQjCNH6LaUsWx95uYjPw3YHGdPWC8m3IQ;  Humane Society of the United States, 2014, Shockingly this Michigan Hound Hunter was Found Not Guilty  https://youtu.be/KaKHUfKkWEc

[29] Coyote Hunting with Hounds is Legalized Dog-Fighting! https://youtu.be/03LJZAKo4bY.

[30] Animal Welfare Institute, Protection of Wild Foxes and Coyotes, available at https://awionline.org/cases/protection-wild-foxes-and-coyotes,

[31] "Indiana Coyote Penning—An Inside Look at Animal Abuse and Cruelty – AWI Publication, available at
http://www.projectcoyote.org/documents/IN_Penning_Report_PC_ALDF_AWI_Final_low_res.pdf, page 2; see also Animal Welfare Institute, Trapping and Penning, available at https://awionline.org/content/trapping-and-penning; The Animal Welfare Institute has produced a video showing the brutal sport of coyote penning, which is available at https://youtu.be/3KqrXM99dJg; see also Inside the controversial culture of using dogs to hunt coyotes, Washington Post, December 17, 2015, available at
https://www.google.com/url?q=https%3A%2F%2Fwww.washingtonpost.com%2Fnews%2Finsight%2Fwp%2F2015%2F12%2F17%2Fthe-beauty-and-controversy-of-hunting-coyotes-withhounds%

Videos of this brutal practice can be seen on YouTube.[32] The Huffington Post article about this cruel sport shows a coyote being injured, perhaps killed.


[33]

Defendants' policy – requiring Tranchita to hold a Hound Running Area Permit – does not foster humane treatment of wildlife in this inhumane "sport", is not motivated by concern for humane treatment and care of coyotes, is not complimentary to the AWA, and indeed is in express contradiction to the standards imposed by federal law. Moreover, a holder of a Fur-bearing Mammal Breeder Permit is required to "observ[e] any Federal Laws, rules or regulations which may apply to such fur-bearing mammals." 520 ILCS 5/3.25.

### 3. Count III – Fourteenth Amendment Vagueness Challenge

---

2F%3FoutputType%3Damp&sa=D&sntz=1&usg=AFQjCNH6LaUsWx95uYjPw3YHGdPWC8m3IQ.
[32] Humane Society of the United States, 2014, https://youtu.be/KaKHUfKkWEc; See also Coyote Hunting with Hounds is Legalized Dog-Fighting! https://youtu.be/03LJZAKo4bY.
[33] Camilla Fox, "Coyote & Fox Penning: A Blood "Sport" That Must End", December 6, 2017, available at https://m.huffpost.com/us/entry/620435/amp; https://www.thepetitionsite.com/496/355/749/ban-fox-and-coyote-penning-in-all-50-states/.

Count III alleges a violation of the Fourteenth Amendment for failure to give fair notice of the conduct that is prohibited. Plaintiff intends to amend this Cause of Action, so she will not include vagueness arguments in this Motion.

**4.    Count IV – Free Exercise Clause of the First Amendment**

Count IV alleges a violation of the Free Exercise clause of the First Amendment. To require Tranchita, indeed anyone who respects animals, to participate in the barbaric practice of hound running, violates the First Amendment. "Government may [not] compel affirmation of a repugnant belief * * * ." *Sherbert v. Verner*, 374 U.S. 398, 405 (1963) (internal citations omitted). "[I]f the [ ] effect of a law is to impede the observance of one or all religions [ ] that law is constitutionally invalid even though the burden may be characterized as being only indirect." *Id.* at 404.

The pressure upon Tranchita to forgo her religious beliefs is significant, as Luna needs to immediately return home to Tranchita before Luna dies. Defendants' requirement that Tranchita hold a Hound Running Area permit forces Tranchita "to choose between following the precepts of her religion [ ] on the one hand, and abandoning [ ] the precepts of her religion in order to" prevent impending enforcement and prosecution including a second seizure of Luna. See *Sherbert*, 374 U.S. at 404. Tranchita's religious, ethical, and moral beliefs prevent her from running hounds after coyotes. Tranchita's disdain for this "sport" and her beliefs, bar her from such activities. Tranchita believes that hound running is an unethical and immoral practice designed to cause injury and death. Tranchita would never subject her coyotes or dogs or any animal to the stress, cruelty, pain, confusion, and suffering that is inflicted upon animals during hound running. Tranchita is an educator and the thought of being placed in the category of an

unethical coyote torturer and killer by her state agency is utterly shocking, disappointing, and cruel.

There is no compelling state interest justifying the substantial infringement upon Tranchita's First Amendment rights, and the requirement that Tranchita hold a Hound Running Area permit is not the least restrictive means to further a hypothetical compelling governmental interest. Additionally, Defendants' policy is unconstitutional because there is no rational basis to require Tranchita to hold a Hound Running Area permit. Despite the Fur-bearing Mammal Breeder permit Statute (520 ILCS 5/3.25) stating that IDNR will not issue a Fur-bearing Mammal Breeder permit unless that person holds a Hound Running Area permit, IDNR issued Tranchita a Fur-bearing Mammal Breeder permit for seven years,[34] without her holding a Hound Running Area permit.

### 5. Count V – Due Process Clause of the Fourteenth Amendment

Tranchita's fourth cause of action alleges a violation of the procedural due process clause of the Fourteenth Amendment. To state a procedural due process claim, "a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008).

A policy or custom can form the basis of a property interest. See *Davis v. City of Chicago*, 841 F.2d 186, 188 (7th Cir. 1988). "[A] property interest may arise from rules or understandings which have less formality than a state statute or municipal ordinance." *Nowak v. City of Calumet City*, 648 F. Supp. 1557, 1561 (N.D. Ill. 1986). From 2011 to 2016 Tranchita held a Fur-bearing Mammal Breeder permit. IDNR never issued her a Hound Running Area

---

[34] TRO Ex. S – IDNR Permit List for Tranchita.

permit during those years. IDNR has a long-standing custom and practice of issuing the Fur-bearing Mammal Breeder permit to Tranchita, without requiring her to also hold a Hound Running Area permit. IDNR issued Fur Bearing Breeder Mammal Permits to Tranchita for seven years,[35] knowing that she did not possess a Hound Running Permit for those years. Because Tranchita holds a 2020-2021 Fur-bearing Mammal Breeder permit, she has a legitimate claim of entitlement to Luna which is protected by due process. IDNR's new policy dictating that both a Fur Bearing Mammal Breeder Permit and a Hound Running Permit are required to possess a coyote in the State of Illinois, destroyed the entitlement. The banning of Tranchita from possessing a coyote without a Hound Running Permit, has deprived Tranchita of her protected property interest.

Tranchita has no procedural protections available to prevent another seizure if Luna is returned home. The April 24, 2019 raid and seizure is evidence that no process is available prior to a deprivation of property.

**6. Count VI – Substantive Due Process Clause of the Fourteenth Amendment**

Plaintiff's last cause of action alleges a violation of substantive due process under the Fourteenth Amendment to the United States Constitution. "A substantive due process claim must allege that the government practice is arbitrary or irrational, bearing no relationship to a legitimate governmental interest." *Zummo v. City of Chi.*, 345 F. Supp. 3d 995, 1005 (N.D. Ill. 2018) (citing generally *Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1000 (7th Cir. 2008)).

---

[35] TRO Ex. S.

Defendants have enacted and implemented a policy whereby only Tranchita is required to hold a Hound Running Area permit to possess a coyote in Illinois. As the record clearly demonstrates, IDNR allows, and has allowed, others to possess coyotes without holding a Hound Running Area permit. From 2011 until the seizure, IDNR allowed Tranchita to possess coyotes without holding a Hound Running Area permit. Only Tranchita's coyotes have been seized and no other person in the State of Illinois has been prosecuted or had their coyotes seized for failure to hold a Hound Running Area permit. Despite the Fur-bearing Mammal Breeder permit statute stating that IDNR will not issue a Fur-bearing Mammal Breeder permit without a Hound Running Area permit, IDNR issued Tranchita seven Fur-bearing Mammal Breeder permits,[36] without requiring her to hold a Hound Running Area permit.

### C. Absent injunctive relief, Tranchita will suffer irreparable harm

"The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest." *Preston* v. *Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978) (citing *Burns* v. *Elrod*, 509 F.2d 1133 (7th Cir. 1975), *aff'd*, 427 U.S. 347 (1976)). Tranchita is being deprived of her property interest, and the harm will be irreparable unless Luna is immediately allowed to come home to die at Tranchita's property in Illinois.

Tranchita will suffer irreparable harm absent an injunction because Luna is ailing and needs to come home to live the rest of her days with Tranchita. The many consistent statements made by Defendants during the state litigation cause Tranchita to fear she will again be prosecuted, and Luna will be again be seized.

---

[36] TRO Ex. S.

14

**D. Tranchita has no adequate remedy at law and the balance of harms favors Tranchita and the public interest favors a preliminary injunction**

Because this is a suit against state officers under *Ex Parte Young*, and because the defendants and their employer the State of Illinois have immunity from actions for compensatory damages, Tranchita has no adequate remedy at law. Tranchita will be unable to recover damages from the State and its officials. *See Entergy Nuclear Vt. Yankee, LLC* v. *Shumlin*, 733 F.3d 393, 423 (2d Cir 2013); *Kansas Health Care Ass'n* v. *Kansas Dep't of Social & Rehab. Servs.*, 31 F.3d 1536, 1543 (10th Cir. 1994); *Temple Univ.* v. *White*, 941 F.2d 201, 215 (3d Cir. 1991).

Tranchita has established a likelihood that Defendants' policy deprives her of constitutional rights, and therefore there is no harm to Defendants. *See Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 620 (7th Cir. 2004) (There is no "harm to a [government agency] when it is prevented from enforcing an unconstitutional statute." And lastly, the public interest favors an injunction because Tranchita has established likely violations of constitutional rights. *See Id.* ("Surely, upholding constitutional rights serves the public interest.") (citations and quotations omitted).

## IV. Conclusion

Tranchita respectfully requests that the Court enter an order preliminarily enjoining defendants, their agents, servants, and employees, and persons acting in concert or participation with them, from (1) requiring Tranchita to hold a Hound Running Area permit in order to possess Luna in Illinois; and (2) from seizing Luna as long as Tranchita holds a current Fur-bearing Mammal Breeder permit.

DATE: October 14, 2020                                            Respectfully submitted,

                                                                                           /s/ Richard Rosenthal
                                                                                           RICHARD BRUCE ROSENTHAL

(NY Reg. No. 1637677)
545 E. Jericho Turnpike
Huntington Station, New York 11746
Ph: 631-629-8111
Email: Richard@thedoglawyer.com
*Attorney for Plaintiff*